**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                       :

**Commodity Futures Trading Commission,**  :

                                       :        **05 Civ. 5741 (HB)**

                    **Plaintiff,**        :

                                       :        <u>**MEMORANDUM & ORDER**</u>

             -against-                :

                                       :

**Commodity Investment Group, Inc., et al.**  :

                                       :

                  **Defendants.**  :
-------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

       In this action, plaintiff Commodity Futures Trading Commission ("CFTC") alleges that defendants violated the anti-fraud provisions of the Commodity Exchange Act, 7 U.S.C. § 6c(b), by misrepresenting to customers the likelihood of profit and the risk of loss involved in trading commodity options. (Compl. ¶¶ 4–5). Plaintiff now moves for permission to depose thirty individuals with knowledge of the alleged fraud, including current and former employees and customers. Defendants argue that plaintiff should be limited to ten depositions, in accordance with Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure. Plaintiff's motion for leave to take thirty depositions is GRANTED in part and DENIED in part.

## DISCUSSION

       Rule 30(a)(2)(A) limits parties to ten depositions each unless both parties stipulate to additional depositions or if the court grants leave to exceed this limit. Leave should be granted in accordance with the principles set forth in Rule 26(b)(2), which provides, *inter alia*, that discovery should be limited if it is "unreasonably cumulative or duplicative," or "the burden or expense of the proposed discovery outweighs its likely benefit" taking into consideration the needs of the case, the amount in controversy, other methods of obtaining the information, the importance of the issues to the litigation, and the importance of this particular discovery tool in resolving the issues. Although a witness might have discoverable information, a party is not always entitled to depose that individual. See <u>Sigala v. Spikouris</u>, No. 00-CV-0983, 2002 U.S. Dist. LEXIS 10743 (E.D.N.Y. Mar. 7, 2002). Rule 30(a)(2)(A) was enacted to control discovery

costs and prevent harassment or undue delay.  See In re Air Crash at Taipei, Taiwan on October 31, 2000, No. MDL 1394, 2003 U.S. Dist. LEXIS 23220 (C.D. Cal. Mar. 26, 2003).  A court has discretion to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary.  Id.; see also Sigala, 2002 U.S. Dist. LEXIS at *1 (allowing thirteen depositions because the witnesses' testimony would not be duplicative).

This Court finds that, given the facts of this case, plaintiff should be allowed to take the following sixteen depositions.  Should, after these depositions are completed, CFTC desire further depositions, it can seek leave to take additional depositions at that time.

Plaintiff seeks to depose twenty current or former employees of defendant Commodity Investment Group ("CIG") to show that defendants repeatedly made fraudulent misrepresentations throughout the relevant time period.[1]  Defendants object because some of those employees only worked for CIG for a short period of time and their testimony will be less valuable than long time employees and likely cumulative.

I find that CFTC may depose the following employees:  Linda Kuhney, Michael Kuhney,[2] Janelle M. Breig, Robert Kevin Monk, Christina Ostergaard, Paul J. Paradis, Karen Wilson, John R. Wright, James J. Connellan, Adam J. Tout, Joaneen Davis, Steve Zander, and Violet Botting.  These witnesses are sufficient to show that defendants' fraudulent techniques were "not isolated, infrequent, or uncommon."  (Pl. Mem. at 3).  The testimony of the other employees CFTC seeks to depose would be duplicative.

Plaintiff also seeks to depose ten of defendants' former customers who were alleged victims of defendants' fraud and who may be unavailable for trial.  Defendants object to these depositions, arguing that these individuals' testimony would be duplicative of that which could be provided by individuals subject to this Court's subpoena power.  Five former customers who reside in the New York metropolitan area have already provided declarations to CFTC.

I find that CFTC may depose the following former customers:  Hoover F. Bell, Norman Fisher, and Daniel X. Willis, Jr.  These witnesses will provide a sufficient sample of those customers located outside this Court's subpoena power who were allegedly defrauded.  Additional depositions would be too costly and would not provide CFTC with sufficient new information to justify the burden on defendants.

---

[1] The relevant time period as alleged in the complaint is from February 2001 through the present.
[2] Linda and Michael Kuhney are named defendants in this action.

2

Under Local Civil Rule 30.1, an applicant seeking to depose a witness more than one hundred miles from the courthouse may be ordered to "pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each advers[e] party at the place where the deposition is to be taken." I find that defendants have demonstrated good cause to shift these costs to CFTC. Therefore, CFTC is responsible for paying the costs associated with any depositions that occur more than one hundred miles from this courthouse.

## CONCLUSION

For the foregoing reasons, CFTC's motion is GRANTED in part. CFTC may depose the sixteen individuals listed above.

**SO ORDERED.**

New York, New York
November 10, 2005

_____
U.S.D.J.